UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
---------------------------------------------------------------------x

In re:

**Daniel Lowe,**                                    Case No. 19-35910-cgm

    Chapter 7

    **HON. Cecelia G. Morris**

                Debtor(s).
---------------------------------------------------------------------x

## MOTION FOR RELIEF FROM AUTOMATIC STAY
### (*Final Judgment of Foreclosure Obtained*)

**TO:    THE HONORABLE CECELIA G. MORRIS
        CHIEF UNITED STATES BANKRUPTCY JUDGE**

Secured Creditor, NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER AS SERVICER FOR U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-AB1, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1.    Debtor(s), Daniel Lowe, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on May 30, 2019. Debtor(s) are not infants, incompetent, or currently on active duty in the military service of the United States of America. See Federal Rule of Civil Procedure 55 Affidavit, attached hereto as Exhibit "A."

2.    Secured Creditor filed a foreclosure complaint against the Debtor(s) on August 7, 2015 in the Supreme Court of the State of New York in and for Putnam County, Index No.: 1580/2015 , due to the default under the terms of the Note and Mortgage securing Secured Creditor's

interest in certain real property located at 19 Melnick Road, Lake Peekskill, NY 10537, in Putnam County, and legally described as:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE TOWN OF PUTNAM VALLEY, COUNTY OF PUTNAM AND STATE OF NEW YORK, KNOWN AND DESIGNATED AS AND BY LOTS NOS. 66, 67, 68, 69, 70 AND 71 IN BLOCK 28 ON A CERTAIN MAP ENTITLED, "LAKE PEEKSKILL SECTION C, OWNED AND DEVELOPED BY MCGOLRICK REALTY CO., INC., 225 WEST 34TH STREET, NEW YORK, SURVEYED BY HUDSON VALLEY ENGINEERING CO., INC., PEEKSKILL AND CARMEL, N.Y., APRIL 1929" AND FILED IN THE OFFICE OF THE CLERK OF THE COUNTY OF PUTNAM, STATE OF NEW YORK, ON MAY 28TH 1929 UNDER FILE NO. 185B, AND BEING MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:
BEGINNING AT THE POINT OF INTERSECTION OF THE SOUTHERLY SIDE OF MATHES STREET AND THE EASTERLY LINE OF LOT NO. 65 AS SHOWN ON THE AFORESAID FILED MAP; RUNNING THENCE ALONG SAID SOUTHERLY LINE OF MATHES STREET IN A GENERAL EASTERLY DIRECTION ON A CURVE TO THE LEFT HAVING A RADIUS OF 116.50 FEET A DISTANCE OF 46.57 FEET TO A POINT STILL ON THE SOUTHERLY LINE OF MATHES STREET;
CONTINUING THENCE ALONG SAME ON A CURVE TO THE RIGHT HAVING A RADIUS OF 331.50 FEET TO A DISTANCE OF 77.63 FEET TO A POINT STILL ON THE SOUTHERLY LINE OF MATHES STREET;
CONTINUING THENCE ALONG SAME NORTH 73 DEGREES 31 MINUTES EAST 21.37 FEET PER SURVEY (20.77 FEET PER FILED MAP) TO A POINT STILL ON THE SOUTHERLY LINE OF MATHES STREET; RUNNING THENCE IN A GENERAL SOUTHEASTERLY DIRECTION ON A CURVE TO THE RIGHT HAVING A RADIUS OF 15.00 FEET A DISTANCE OF 29.81 FEET TO A POINT ON THE WESTERLY SIDE OF MAE PLACE (NOW KNOWN AS MELNICK PLACE); RUNNING THENCE ALONG SAME, SOUTH 7 DEGREES 23 MINUTES WEST, 80.68 FEET TO A POINT ON THE NORTHERLY LINE OF LOT 72 AS SHOWN ON THE AFORESAID FILED MAP; RUNNING THENCE ALONG SAME, SOUTH 89 DEGREES 22 MINUTES WEST, 104.34 FEET TO A POINT ON THE WESTERLY LINE AT LOT 72 AS SHOWN ON THE AFORESAID FILED MAP; RUNNING THENCE ALONG SAME AND ALONG THE WESTERLY LINE OF LOT 73, DUE SOUTH 40.01 FEET TO A POINT ON THE NORTHERLY LINE OF LOT 79 AS SHOWN ON THE AFORESAID FILED MAP; RUNNING THENCE ALONG SAME AND ALONG THE NORTHERLY LINE OF LOT 80, SOUTH 89 DEGREES 22 MINUTES WEST 40.00 FEET TO A POINT ON THE EASTERLY LINE OF LOT 65 AS SHOWN ON THE AFORESAID FILED MAP; RUNNING THENCE ALONG SAME, DUE NORTH 86.71 FEET TO A POINT STILL ON THE EASTERLY LINE OF LOT 65, SAID POINT BEING THE POINT AND PLACE OF BEGINNING.

3. A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor(s) February 25, 2019 in the amount of $434,787.74. A true and accurate copy of the Judgment attached hereto as Exhibit "B." The Judgment has not been satisfied by the Debtor(s). In addition, the debtor is in default in the amount of $84,838.71. A true and accurate copy of Secured Creditor's statement in regard to indebtedness and default is attached hereto as Exhibit

"C."

4.  The stated value of the property is $251,900.00. See Exhibit "D" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

5.  Based upon the Debtor(s)' schedules, the property is surrendered. The Trustee has not abandoned the property.

6.  Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

7.  If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

8.  Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

9.  The Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Secured Creditor.

10. No previous application has been made for the relief request herein.

11. Secured Creditor has incurred court costs in the amount of $181.00 (filing fee) and attorney's fees in the amount of $750.00, in this proceeding and will incur additional fees, costs

and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.}

12.    Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d)(1) and (d)(2) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and for any such further relief as this Honorable Court deems just and appropriate.

Dated: June 17, 2019
      Westbury, NY

      By: /s/ Barbara Whipple
      Barbara Whipple, Esq.
      Attorneys for Movant
      900 Merchants Concourse, Suite 310
      Westbury, New York 11590
      516-280-7675
      bwhipple@rasflaw.com